UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| KENDALL HUNT PUBLISHING COMPANY, </br></br> Plaintiff, </br></br> vs. </br></br> THE LEARNING TREE PUBLISHING CORPORATION, </br></br> Defendant. | ) </br> ) </br> ) Case No. _____ </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Kendall Hunt Publishing Company, by its attorneys, O'Connor & Thomas, P.C., and for its Complaint against Defendant The Learning Tree Publishing Corporation, states:

1. At all times material hereto, Plaintiff Kendall Hunt Publishing Company (hereafter "Kendall Hunt") is and was an Iowa corporation with its principal place of business in Dubuque, Iowa.

2. At all times material hereto, Defendant The Learning Tree Publishing Corporation (hereafter "Learning Tree") is and was a California limited liability company with its principal place of business in Rancho Santa Margarita, California.

3, Upon information and belief, Learning Tree was founded by Frank Forcier and/or John Coniglio on or about October 30, 2019.

4. At all times material hereto, Forcier has been Learning Tree's chief executive officer and Coniglio has been its chief financial officer.

1

5. Forcier and Coniglio are former managing editors and/or associate editors of Kendall Hunt.

6. As editors for Kendall Hunt, Forcier and Coniglio were responsible for signing authors to publishing contracts and developing their works for sale and would have possessed knowledge of and access to the contracts and works published by Kendall Hunt, in particular, the contracts and works relevant to this lawsuit.

7. At all times material hereto, Learning Tree has operated a website at the following address: courses.learningtreepublishing.com.

8. Through its website, Learning Tree allows users to create an account and purchase immediate digital access to books and course materials.

9. Learning Tree's sale of immediate digital access to books and course materials to users, including users in the Northern District of Iowa, through the Learning Tree website results in the knowing and repeated transmission of computer files and data between Learning Tree and its users over the internet.

10. Through its website, Learning Tree has at all times material hereto been doing business in the Northern District of Iowa.

11. At all times material hereto, Learning Tree has also conducted business in and fulfilled orders from and to the State of Iowa for the work/s at issue in this lawsuit.

12. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b) as this action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et. seq. and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq.

13. Jurisdiction for claims not arising out of the Federal Copyright Act of 1976 and/or the Racketeer Influenced and Corrupt Organizations Act exists under 28 U.S.C. § 1332(a)(1) as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

14. Venue is conferred by 18 U.S.C. § 1965, 28 U.S.C. §§ 1391(b)(2), 1391(c), and 1400(a) and venue in this district is appropriate.

**COUNT I**
**COPYRIGHT INFRINGEMENT OF COURSE PACK 4: ETHICS**
**BY NICHOLAS BAIAMONTE**

15. On or about November 25, 2014 and on February 10, 2016, Kendall Hunt entered into agreements with Nicholas Baiamonte whereby Baiamonte agreed to prepare works with working titles of "Claims of Morals" and of "19th and 20th Century," respectively, on the subject of Ethics which Agreements were thereafter amended to include the work/s to be published under the title: Course Pack 4: Ethics (hereinafter, "Course Pack 4: Ethics").

16. One or more of Learning Tree's officers or employees were the editors who solicited, negotiated with and served as the Author's principal point of contact with Kendall Hunt with respect to the contracts and works comprising Course Pack 4: Ethics.

17. Course Pack 4: Ethics is an original work that may be copyrighted under United States law.

18. Pursuant to the November 25, 2014 and February 10, 2016 agreements between Baiamonte and Kendall Hunt, Baiamonte assigned and transferred the exclusive publication rights including, but not limited to, the rights to reproduce, to prepare derivative works from, to publicly distribute, to publicly perform and to publicly display the content contained within Author's work to Kendall Hunt.

3

19. Baiamonte also executed an Assignment dated November 25, 2014 and February 10, 2016 and incorporated in the agreements between Baiamonte and Kendall Hunt, assigning and transferring the exclusive publication rights, the right to prepare derivative works, renewals, and any and all rights attendant thereto, in Course Pack 4: Ethics to Kendall Hunt.

20. Since 2016, Kendall Hunt has actively published Course Pack 4: Ethics in compliance with copyright laws.

21. Kendall Hunt applied to the U.S. Copyright Office for a copyright in Course Pack 4: Ethics and received a Certificate of Registration with an Effective Date of February 18, 2019 with registration number TX 8-704-183.

22. Since February 10, 2016, Kendall Hunt has remained the exclusive owner of the publication rights in the Course Pack 4: Ethics.

23. Between February 2016 and October 2019, Forcier and Coniglio were Baiamonte's editor on behalf of Kendall Hunt and were responsible for working with Baiamonte to develop, publish, and sell Course Pack 4: Ethics.

24. Learning Tree has infringed Kendall Hunt's exclusive publication rights in Course Pack 4: Ethics by publishing and selling a work entitled "Introduction to Ethics" and/or "Intro to Ethics Phil 008." Due to its bulk, it is impractical to attach a copy of the book as an Exhibit to the Complaint, but a copy of the book will be made available and exhibited to the Court at all appropriate proceedings.

25. Significant portions of "Introduction to Ethics" and/or "Intro to Ethics Phil 008" are copied almost entirely from Course Pack 4: Ethics.

26. Learning Tree continues to willfully infringe Kendall Hunt's exclusive publication rights by continuing to publish and sell "Introduction to Ethics" and/or "Intro to

Ethics Phil 008" in violation of Kendall Hunt's exclusive publication rights, and further has engaged in unfair trade practices and unfair competition in connection with its publication and sale of the infringing book, thus causing irreparable damage to Kendall Hunt.

27. There is a substantial likelihood that Kendall Hunt will succeed on the merits of this claim.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACT

28. Kendall Hunt realleges paragraphs 1 through 27 above as though fully set forth herein.

29. Kendall Hunt had a valid, existing contractual relationship with Nicholas Baiamonte with respect to his work Course Pack 4: Ethics as well as other works and a reasonable expectation that its relationship with Baiamonte would continue.

30. Kendall Hunt had other business expectations that were dependent on the continued relationship with Baiamonte, namely, the sale of Baiamonte's Course Pack 4: Ethics and other works of Baiamonte to third parties.

31. Defendant knew of Kendall Hunt's contractual relationships with Baiamonte.

32. Defendant intentionally and wrongfully interfered with Kendall Hunt's contractual relationship with Baiamonte, causing a termination of the relationship and its related business expectancy.

33. Defendant's intentional interference with Kendall Hunt's contractual relationship with Baiamonte was a proximate cause of damage to Kendall Hunt.

34. As a result of Defendant's intentional interference, Kendall Hunt has sustained damages for lost profits and other economic damages.

35. Defendant's actions were willful, wanton, and in reckless disregard of Kendall Hunt's rights, entitling Kendall Hunt to punitive damages.

## COUNT III
## UNFAIR COMPETITION

36. Kendall Hunt realleges paragraphs 1 through 35 above as though fully set forth herein.

37. Kendall Hunt has a right, by fair and honest business methods, to compete with Learning Tree.

38. Defendant, through its interference with Kendall Hunt's contractual relationship with Baiamonte and infringement of Kendall Hunt's exclusive publication rights in Course Pack 4: Ethics, is attempting to hinder and destroy Kendall Hunt's business to eliminate its competition.

39. Defendant's actions constitute unfair competition and are in restraint of trade.

40. Defendant's unfair competition is a proximate cause of harm and damage to Kendall Hunt's business.

41. Defendant's unfair competition is willful, wanton, and in reckless disregard of Kendall Hunt's rights, entitling Kendall Hunt to punitive damages.

## COUNT IV
## RICO

42. Kendall Hunt realleges paragraphs 1 through 41 above as though fully set forth herein.

43. Learning Tree is an enterprise engaged in and the activities of which affect interstate commerce, to-wit, a corporation organized under the laws of the State of California.

44. One or more of Learning Tree's officers and/or employees, are persons within the meaning of 18 U.S.C. § 1961(3) and conducted and participated, directly and indirectly, in the conduct of the affairs of Learning Tree through a pattern of racketeering activity in violation of 18 U.S.C.A. § 1962(c).

45. The predicate acts which constitute this pattern of racketeering include, without limitation:

    a. Defendant's willful infringement of Kendall Hunt's exclusive publication rights in the work Course Pack 4: Ethics for commercial advantage in violation of 18 U.S.C. § 2319;

    b. Defendant's interference with Kendall Hunt's contractual relationships with its authors including, but not limited to, Nicholas Baiamonte; and

    c. Such other acts of willful infringement of Kendall Hunt's copyrights in other works for commercial advantage as may be revealed through discovery in this matter.

46. Defendants' acts of racketeering occurred within ten years of each other and constitute a pattern of racketeering activity within the meaning of 18 U.S.C. §1961(5).

47. Kendall Hunt has been injured in its business by Defendant's violation of 18 U.S.C. § 1962, in that, as a direct and proximate result of Defendant's illegal conduct, Kendall Hunt has suffered damages including lost profits and other economic damages.

48. By reason of Defendant's violation of 18 U.S.C. § 1962, Kendall Hunt is entitled to treble damages, interest at the prevailing legal rate, and its reasonable attorney fees.

WHEREFORE, Plaintiff Kendall Hunt Publishing Company prays that this Court enter judgment in its favor and against Defendant Learning Tree ordering the following relief:

(a) that Defendant be enjoined during the pendency of this litigation and permanently thereafter from infringing Kendall Hunt's exclusive publication rights in Course Pack 4: Ethics (add any additional works), in any manner, and from publishing, selling, marketing, or otherwise disposing of any infringing copies of the books;

(b) that Defendant be ordered to pay Kendall Hunt all applicable statutory and/or actual damages caused by Defendant including, but not limited to, three times such damages as it has sustained as a result of Defendant's infringement of Kendall Hunt's exclusive publication rights, intentional interference and unfair competition, violation of 18 U.S.C. § 1962, and to account for:

> (1) all gains, profits, and advantages derived by Defendant through such trade practices and unfair competition; and
>
> (2) all gains, profits and advantages derived by Defendant through infringement of Kendall Hunt's exclusive publication rights, or such damages as the Court finds to be just and appropriate as provided under the Copyright statutes (but no less than the statutory minimum).

(c) that Defendant be ordered to deliver for impoundment during the pendency of this action, all copies of the infringing works in its possession or under its control, and to deliver for destruction all infringing works in its possession or under its control, and to deliver for destruction all infringing copies and all plates, molds, and other materials for making such infringing copies;

(d) that Defendant pay to Kendall Hunt the costs of this action and reasonable attorney fees;

(e) that Defendant pay to Kendall Hunt punitive or exemplary damages in an amount which the court deems just to punish Defendant for its wrongful conduct; and

(f) that Kendall Hunt have such other and further relief as the Court deems just and appropriate under the circumstances.

## JURY DEMAND

COMES NOW Plaintiff Kendall Hunt Publishing Company and hereby demands a trial by jury on all issues so triable herein.

> KENDALL HUNT PUBLISHING COMPANY,
> Plaintiff
>
> By /s/ *Davin C. Curtiss*
>      Davin C. Curtiss          AT0001808
>
> By /s/ *Christopher C. Fry*
>      Christopher C. Fry        AT0002683
>
> O'CONNOR & THOMAS, P.C.
> 1000 Main Street
> Dubuque, IA 52001
> Telephone: 563-557-8400
> Facsimile:   888-391-3056
> E-Mail:  dcurtiss@octhomaslaw.com
>               cfry@octhomaslaw.com
>
> ATTORNEYS FOR PLAINTIFF

9